# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ROBERT T. LEE, Individually and as :
Personal Representative of the Estate of
Jewell West :
546 Wilson Bridge Drive
Oxon Hill, MD 20745 :

and :

ALYCE SUMMERS :
2820 Buena Vista Terrace, SE
Washington, D.C. 20020 :

    Plaintiffs, :

v. :    Civil No. _____

PHILLIP MORSE, Individually and in his :
capacity as Chief of U.S. Capitol Police
19 D Street, NE :
Washington, D.C. 20510

and :

JOHN DOES, Individually & officially :
c/o U.S. Capitol Police
19 D Street, NE :
Washington, D.C. 20510
   :
and

PRINCE GEORGE'S COUNTY, MD :
Serve: David S. Whitacre
County Attorney :
14741 Governor Oden Bowie Drive
Upper Marlboro, MD 20772 :

and :

MELVIN HIGH, Individually and in his :
capacity as Chief of P.G. County Police Dept.
7600 Barlowe Road
Landover, MD 20785 :

-2-

and                                                    :

JOHN DOES, Individually & officially       :
c/o P.G. County Police Department
District I                                             :
5000 Rhode Island Avenue
Hyattsville, MD 2-784                          :

and                                                    :

DISTRICT OF COLUMBIA              :
Serve: Mayor Anthony Williams
1350 Pennsylvania Avenue, NW         :
Washington, D.C. 20001

Serve: Office of the Attorney General   :
441 4th Street, NW
Washington, D.C. 20001                      :

and                                                    :

CHARLES RAMSEY, Individually and as  :
Chief of the Metropolitan Police Dept.
400 Indiana Avenue, NW                    :
Washington, D.C. 20001

and                                                    :

JOHN DOES, Individually & officially       :
c/o Metropolitan Police Department
400 Indiana Avenue, NW                    :
Washington, D.C. 20001
                                                          :
        Defendants.
_____:

## COMPLAINT

COME NOW Plaintiffs, through counsel, and for their complaint against defendants state as follows:

-3-

### Introduction

1.  This is a civil action brought pursuant to 42 U.S.C. 1983 and the 4th and 5th Amendments to the United States Constitution seeking damages against the defendants for committing acts under the color of law which deprived plaintiff of rights secured under the Constitution, laws of the United States, the District of Columbia and Maryland. This action seeks both compensatory and punitive damages against the defendants.

### Jurisdiction

2.  Jurisdiction is invoked pursuant to 42 U.S.C. 1983, 28 U.S.C. 1331 and 1343, as well as the supplemental jurisdiction of this Court.

3.  Maryland and the District of Columbia were provided with notice of Plaintiffs' tort claims on June 21, 2006 and June 23, 2006, respectively, in accordance with the statutory requirements of both jurisdictions. In addition, pursuant to the Federal Tort Claims Act, Plaintiffs filed their claims with the U.S. Capitol Police on December 22, 2006.

### Parties

4.  Plaintiff, Robert T. Lee ("**Lee**") is and was, at all times relevant herein, a resident of Maryland. He is the personal representative of the estate of his deceased daughter, Jewell West.

5.  Plaintiff, Alyce Summers ("Summers") is and was, at all times relevant herein, a resident of the District of Columbia.

6.  Defendant, Chief Phillip Morse ("Chief Morse") is the Chief of the United States Capitol Police. The Chief of Police is responsible for the day to day operations of the department, including the administration of a set of law enforcement policies, practices and customs

Case 1:06-cv-02184-JDB    Document 1    Filed 12/22/2006    Page 4 of 12

-4-

involving the training and supervision of its police officers in the apprehension of suspects vis a vis automobile chases.

.    7.    Defendant, John Does were, at all times relevant herein, members of the U.S. Capitol Police and were acting within the scope of their employment at the time of the incident complained of herein.

8.    Defendant Prince George's County (" the County"), at all times relevant herein, maintains a police department which operates under and administers a set of law enforcement policies, practices and customs involving the training and supervision of its police officers. These policies, practices and customs include training in the apprehension of suspects vis a vis automobile chases. As the employer of some of the officers involved in the subject incident, the County is also liable under the doctrine of *respondeat superior*.

9.    Defendant Melvin High was, at all times relevant herein, the Chief of Police for defendant Prince George's County, and at the time of the incident which gives rise to this action, was responsible for the day to day operations of the Prince George's County Police Department and is being sued in his individual and official capacities. At all times relevant herein, he was acting within the course and scope of his employment with defendant Prince George's County.

10.    Defendants, John Does were, at all times relevant herein, members of the Prince George's County Police Department and were acting within the scope of their employment at the time of the incident complained of herein.

11.    Defendant, District of Columbia ("the District") is a municipal corporation and maintains a police force which operates under and administers a set of law enforcement policies,

-5-

practices and customs involving the hiring, training and supervision of its police officers in the apprehension of suspects vis a vis automobile chases. As the employer of some of the officers involved in the subject incident, the District of Columbia is also liable under the doctrine of *respondeat superior*.

12. Defendant Charles Ramsey was, at all times relevant herein, the Chief of Police for defendant District of Columbia's Metropolitan Police Department, and at the time of the incident which gives rise to this action, was responsible for the day to day operations of the Metropolitan Police Department and is being sued in his individual and official capacities. At all times relevant herein, he was acting within the course and scope of his employment with defendant District of Columbia.

13. Defendants, John Does were, at all times relevant herein, members of the Metropolitan Police Department and were acting within the scope of their employment at the time of the incident complained of herein.

**Statement of Facts**

14. On or about December 24, 2005 Jewel West and Alyce Summers accepted a ride from a gentleman in Northwest, Washington, D.C.

15. Unbeknownst to Ms. Summers and Ms. West, the driver had stolen the car during an armed carjacking approximately thirty (30) minutes earlier in Hyattsville, Prince George's County. The car was a 2003, 2-door Z4 BMW, bearing DC tag number BY1037 and VIN 4USBT33413LS44253.

16. Upon information and belief, at least two members of the Prince George's County

-6-

Police Department followed the stolen car from Hyattsville into the District of Columbia. These officers observed West and Summers get into the stolen car and made no effort to warn them of impending danger.

17.  Upon further information and belief, at some point a chase high-speed ensued in the District of Columbia and members of the Metropolitan Police Department and Capitol Hill Police Department joined the chase.

18.  Officers from these three law enforcement entities engaged in a reckless high-speed chase of the car in total disregard of the safety of its occupants, particularly West and Summers.

19.  As a direct and proximate result of the reckless car chase, the driver of the stolen car lost control of the vehicle in the 1700 block of Pennsylvania Avenue, SE, Washington, D.C., struck the north and south curbs and a light pole.

20.  As a direct and proximate result of the reckless chase of the car and the foreseeable collision, West was ejected from the vehicle and died from her injuries.

21.  As a direct and proximate result of the reckless chase of the car and the foreseeable collision, Summers sustained non-life-threatening injuries, was transported to Washington Hospital Center for treatment, and she remained hospitalized for several days. Her physical injuries included a fractured right foot, broken toe, concussion, cuts, bruises and trauma to various other areas of her body.

22.  At the time of the incident, the County police officers had no power to exercise police authority in the District of Columbia. Nevertheless, in has become a consistent pattern and practice of the County condoning its officers' pervasive misconduct and abuse of authority.

-7-

23.     The aforesaid actions of all the defendant officers were extreme, outrageous, and in reckless disregard of Plaintiffs' rights.

24.     The aforesaid actions of all the defendant John Doe police officers were conducted under color of law while they were acting as employees, servants and/or agents of their respective police departments.

### Count I
(Deprivation of Rights,  Section 1983 and 1988)

25.     Plaintiffs incorporate by reference paragraphs 1 through 24 as if fully set forth herein.

26.     Plaintiffs allege that defendants, with deliberate indifference to and reckless disregard for their safety and well-being, and in violation of the 4th and 5th Amendments to the Constitution, did on or about December 24, 2005 commit or allowed to be committed, acts which deprived plaintiffs of their Constitutional rights without affording them due process of law.

27.     As a direct and proximate result of the actions of defendants, plaintiffs suffered loss of life, conscious pain and suffering, discomfort, distress; and have suffered and will continue to suffer psychological harm, and mental anguish.

WHEREFORE, the plaintiffs demand judgment against defendants, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000.00) compensatory damages and punitive damages in an amount in excess of Five Million Dollars ($5,000,000.00), plus statutory attorney's fees and costs.

-8-

## Count II
(Survival Act)

28. Plaintiffs incorporate by reference paragraphs 1 through 24 as if fully set forth herein.

29. Pursuant to D.C. Code §12-201, Jewell West's right of action for wrongful, reckless and/or grossly negligent conduct against defendants survive in favor of Lee, her legal representative. Plaintiff Lee demands all damages recoverable under the Act, including substantial damages for funeral and medical expenses, conscious pain and suffering, as well as any other damages recoverable under the Act.

WHEREFORE, Plaintiff Lee demands judgment against defendants, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000.00) compensatory damages and punitive damages in an amount in excess of Five Million Dollars ($5,000,000.00), plus reasonable attorney's fees and costs.

## Count III
(Wrongful Death)

30. Plaintiffs incorporate by reference paragraphs 1 through 24 as if fully set forth herein.

31. Plaintiff Lee's claims are also actionable under the wrongful death statutes of Maryland and/or the District of Columbia.

32. As a direct and proximate result of the intentional, reckless, or grossly negligent acts of defendants, Plaintiff Lee suffered the loss and companionship of his daughter, mental anguish, and other damages recoverable under the wrongful death statute.

WHEREFORE, Plaintiff Lee demands judgment against defendants, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000.00) compensatory damages and punitive

-9-

damages in an amount in excess of Five Million Dollars ($5,000,000.00), plus reasonable attorney's fees and costs.

## Count IV
(Negligent Supervision and Training - Defendants Capitol Police, P.G. County & the District)

33. Plaintiffs incorporate by reference paragraphs 1 through 24 as if fully set forth herein.

34. At all times relevant herein, the chasing police officers were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures of defendants Capitol Police, Prince George's County, and the District of Columbia.

35. Defendants Chief Morse, Prince George's County and the District of Columbia acted negligently, carelessly and recklessly by failing to train, supervise, control, direct and monitor the defendant officers properly in their duties and responsibilities.

36. As a direct and proximate result of the acts and omissions of defendants Chief Morse, Prince George's County and the District of Columbia, Jewel West was killed and Alyce Summers seriously injured by a vehicle being chased from Prince George's County into the District of Columbia by police officers who had no business conducting a high speed chase through residential neighborhoods within the boundaries of the District of Columbia.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000.00) compensatory damages and punitive damages in an amount in excess of Five Million Dollars ($5,000,000.00), plus reasonable attorney's fees and costs.

-10-

### Count V
(Gross Negligence)

37. Plaintiffs incorporate by reference paragraphs 1 through 24 as if fully set forth herein.

38. The actions of the P.G. County police officers who initiated the automobile chase in Prince George's County and continued that chase into the District of Columbia where they were joined by officers of the U.S. Capitol and Metropolitan Police departments causing the chase to lead to speeds in excess of 80 mph in a residential area where the posted speed limit is 25 mph, constituted wanton, willful and reckless disregard and/or conscious indifference for the rights and safety of others.

39. The wanton, willful and reckless disregard and/or conscious indifference for the rights and safety of others exhibited by defendants in engaging in a high-speed automobile chase in the District of Columbia constitutes gross negligence.

40. As a direct and proximate result of defendants' gross negligence Lee's decedent was killed from injuries she sustained and Summers sustained serious bodily and emotional injuries following the collision which defendants caused to occur.

WHEREFORE, the plaintiffs demand judgment against defendants, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000.00) compensatory damages and punitive damages in an amount in excess of Five Million Dollars ($5,000,000.00), plus reasonable attorney's fees and costs.

### Count VI
(Assault & Battery)

41. Plaintiff incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

-11-

42.	On or about December 24, 2005 defendant police officers, intentionally and without any legal justification, engaged in a high-speed chase of the vehicle in which West and Summers were riding.

43.	As a direct and proximate result of defendants' wilful, malicious and intentional actions, West suffered fatal injuries and Summers suffered serious physical injuries, pain and discomfort; and has suffered and will continue to suffer psychological harm and mental anguish as a result thereof.

WHEREFORE, the plaintiffs demand judgment against defendants, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000.00) compensatory damages and punitive damages in an amount in excess of Five Million Dollars ($5,000,000.00), plus reasonable attorney's fees and costs.

### Jury Demand

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

*HENRY & MADDOX, LLC*

By:	_____
	Jeanett P. Henry, #411052
	8701 Georgia Avenue; Suite 403
	Silver Spring, MD 20910
	(301) 562-1340
	(301) 562-1344 (facsimile)

**Attorneys for Plaintiffs**

Case 1:06-cv-02184-JDB    Document 1    Filed 12/22/2006    Page 12 of 12

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Robert T. Lee
Alyce Summers

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jeanett P. Henry, Esq.
Henry & Maddox, LLC
8701 Georgia Avenue, Ste. 403
Silver Spring, MD 20910
Ph. (301) 562-1340
Fax. (301) 562-1344

## DEFENDANTS
Phillip Morse; John Does, U.S. Capital Police individually and officially; Prince George's County, MD serve: David S Whitacre; Melvin High, individually and officially as Chief of PG PD; John Does, individually and officially; District 1 PG PD; District of Columbia serve: Mayor Anthony Williams & Office of Att. Gen.; Charles Ramsey, Individually & officially; and John Does individually and Officially, Met. PD

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___11001___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER  1:06CV02184
JUDGE: John D. Bates
DECK TYPE: Civil Rights (non-employm
DATE STAMP: 12/22/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(9)

| ○ G. *Habeas Corpus/ 2255* | ○ *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ⊙ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. 1983, 4th, and 5th Amendments to the U.S. Constitution. Deprivation of Plaintiffs' rights secured under Const., Laws of U.S., D.C., and MD.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 5,000,000   Check YES only if demanded in complaint   JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 12/22/06   SIGNATURE OF ATTORNEY OF RECORD  *Leanett Henry*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.