UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROBERT T. LEE**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-2184 (JDB) |
| v. | ) ) ) | |
| **CHIEF PHILIP MORSE**, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT**

Defendant District of Columbia, by and through its undersigned counsel, hereby answers Plaintiffs' Complaint as follows:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

As to each of the numbered paragraphs of the complaint Defendant District of Columbia specifically answers as follows:

**Introduction**

1. Paragraph 1 of the Complaint is an introductory paragraph which requires no response from the District of Columbia. To the extent a response is required, the District of Columbia denies the same.

**Jurisdiction**

2. The District of Columbia admits that Paragraph 2 of the Complaint contains jurisdictional provisions, but denies that it necessarily confers jurisdiction upon this Court.

3. The District of Columbia admits that Paragraph 3 of the Complaint contains notice provision, but denies that jurisdictional notice was necessarily properly provided upon the District.

**Parties**

4. The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the statements contained in Paragraph 4. On that basis, Paragraph 4 is denied.

5. The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the statements contained in Paragraph 5. On that basis, Paragraph 5 is denied.

6. The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the statements contained in Paragraph 6. On that basis, Paragraph 6 is denied.

7. The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the statements contained in Paragraph 7. On that basis, Paragraph 7 is denied.

8. The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the statements contained in Paragraph 8. On that basis, Paragraph 8 is denied.

9. The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the statements contained in Paragraph 9. On that basis, Paragraph 9 is denied.

10. The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the statements contained in Paragraph 10. On that basis, Paragraph 10 is denied.

11. The District of Columbia admits that it is a municipal corporation. The remaining allegations of Paragraph 11 are the legal conclusions of the pleader to which no response is required.

12. The District of Columbia admits that Chief Charles Ramsey was Chief of Police at the time of the incident Plaintiffs describe in their Complaint. The District of Columbia denies that Chief Ramsey was in any way involved with or had any knowledge of the incident. The remaining allegations of Paragraph 12 are the legal conclusions of the pleader to which no response is required.

13. The District of Columbia denies the allegations contained in Paragraph 13 of the Complaint.

**Statement of Facts**

14. The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14. On that basis, Paragraph 14 is denied.

15. The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15. On that basis, Paragraph 15 is denied.

16. The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16. On that basis, Paragraph 16 is denied.

17. The District of Columbia denies that a "chase high-speed ensued" and further denies that members of the Metropolitan Police Department joined any chase. The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the remainder of Paragraph 17. On that basis, the remainder of Paragraph 17 is denied.

18. The District of Columbia denies the allegations contained in Paragraph 18 of the Complaint.

19. The District of Columbia admits that the driver of a stolen car lost control of the vehicle in the 1700 block of Pennsylvania Avenue, SE, but denies that this occurred as "a direct and proximate result of the reckless car chase."

20. The District of Columbia admits that West was ejected from the stolen vehicle and died from her injuries, but denies that this was as "a direct and proximate result of the reckless chase of the car and the foreseeable collision."

21. The District of Columbia denies the allegation that any injuries to Summers occurred "as a direct and proximate result of the reckless car chase and the foreseeable collision." The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 21. On that basis, the remainder of Paragraph 21 is denied.

22. The District of Columbia lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22. On that basis, Paragraph 22 is denied.

23. The District of Columbia denies that the conduct of any of its officers was extreme, outrageous, or in reckless disregard of Plaintiffs' rights.

24. The District of Columbia denies the allegations contained in Paragraph 24 of the Complaint.

## Count I
(Deprivation of Rights, Sections 1983 and 1988)

25. The District of Columbia incorporates by reference its answers to Paragraphs 1 through 24 as if set forth fully herein.

26. The District of Columbia denies the allegations contained in Paragraph 26 of the Complaint.

27. The District of Columbia denies the allegations contained in Paragraph 27 of the Complaint.

## Count II
(Survival Act)

28. The District of Columbia incorporates by reference its answers to Paragraphs 1 through 27 as if set forth fully herein.

29. Paragraph 29 contains conclusions of law to which no response is required. To the extent a response is required, the District of Columbia denies the same.

## Count III
(Wrongful Death)

30. The District of Columbia incorporates by reference its answers to Paragraphs 1 through 29 as if set forth fully herein.

31. Paragraph 31 contains conclusions of law to which no response is required. To the extent a response is required, the District of Columbia denies the same.

32. The District of Columbia denies the allegations contained in Paragraph 32 of the Complaint.

## Count IV
### (Negligent Supervision and Training)

33. The District of Columbia incorporates be reference its answers to Paragraphs 1 through 32 as if set forth fully herein.

34. The District of Columbia denies the allegations contained in Paragraph 34 of the Complaint.

35. The District of Columbia denies the allegations contained in Paragraph 35 of the Complaint.

36. The District of Columbia denies the allegations contained in Paragraph 36 of the Complaint.

## Count V
### (Gross Negligence)

37. The District of Columbia incorporates by reference Paragraphs 1 through 36 as if set forth fully herein.

38. The District of Columbia denies the allegations contained in Paragraph 38 of the Complaint.

39. The District of Columbia denies the allegations contained in Paragraph 39 of the Complaint.

40. The District of Columbia denies the allegations contained in Paragraph 40 of the Complaint.

## Count VI
### (Assault & Battery)

41. The District of Columbia incorporates by reference its answers to Paragraphs 1 through 40 as if set forth fully herein.

42.     The District of Columbia denies the allegations contained in Paragraph 42 of the Complaint.

43.     The District of Columbia denies the allegations contained in Paragraph 43 of the Complaint.

The District of Columbia denies any allegation in the Complaint not specifically admitted above.

### Third Defense

The District of Columbia denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fourth Defense

The District of Columbia, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards Plaintiffs in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries were the result of their own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than

the District of Columbia, its agents, employees, and/or servants acting within the scope of their employment.

### Seventh Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of their own sole or contributory negligence and/or their assumption of the risk.

### Eighth Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than the District of Columbia, its employees, agents and servants acting within the scope of their employment.

### Ninth Defense

If Plaintiffs were injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiffs' sole, joint, or concurring negligence with a person or persons other than the District of Columbia, its agents, employees or servants acting within the scope of employment.

### Tenth Defense

At all times relevant herein, the District of Columbia, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

### Eleventh Defense

The District of Columbia asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

### Twelfth Defense

Acts or omissions of the District of Columbia, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

### Thirteenth Defense

Plaintiffs may have failed to fully comply with the mandatory notice requirements of D.C. Code Section 12-309 (1981).

### Fourteenth Defense

Plaintiffs may have failed to mitigate their damages.

### Fifteenth Defense

Plaintiffs' claims are barred by collateral estoppel and res judicata.

### Sixteenth Defense

Plaintiffs may have failed to comply with the statute of limitations.

### Seventeenth Defense

Plaintiffs are not entitled to punitive damages.

The District of Columbia reserves the right to amend its Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

### Set-off

The District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiffs, including medical care.

**Jury Demand**

The District of Columbia hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Defendant District of Columbia prays that the same be dismissed, and that it recovers its costs of suit expended herein.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        ___/s/ Nicole L. Lynch_____
        NICOLE L. LYNCH (471953)
        Chief, Section II

        ___/s/ Shana L. Frost_____
        SHANA L. FROST (458021)
        Assistant Attorney General
        441 4th Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax: (202) 727-3625
        shana.frost@dc.gov