UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Robert T. Lee, et al.,** | : | |
|     **Plaintiffs,** | : | |
| v. | : | Case No. 1:06CV02184 |
| **Philip Morse, et al.,** | : | Judge: John D. Bates |
|     **Defendants.** | : | |

**OPPOSITION TO DEFENDANT CHARLES RAMSEY'S MOTION TO DISMISS**

COME NOW Plaintiffs, through counsel, and in opposition to defendant Charles Ramsey's motion to dismiss states as follows:

1. On review of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "must treat the complaint's factual allegations as true ... and must grant [plaintiffs] the benefit of all inferences that can be derived from the facts alleged." *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003) (internal quotation marks omitted). Indeed, a trial court should not grant a motion to dismiss for failure to state a claim simply because it is dubious of plaintiff's ability to prove the allegations of the complaint at trial. *Fed. Rules Civ. Proc. Rule 12(b)(6)*. Plaintiffs' complaint meets the pleading requirement, thereby obviating dismissal under Rule 12(b)(6).

2. Paragraph 12 of the Complaint identifies defendant Charles Ramsey as the Chief of Police for the Metropolitan Police Department at the time of the incident at issue, and defendant does not deny this fact in his motion. Moreover, Paragraph 12 identifies his then duties generally as being responsible for the day to day operations of the police department. Paragraph 34 of the Complaint alleges that the MPD police officers who were actually engaged in the high speed chase were acting

-2-

under the direction, control and pursuant to rules, regulations, policies and procedures of the District of Columbia. The reasonable inference from these two paragraphs of the complaint is that at the time of the incident at issue the officers were being supervised by defendant Ramsey, in his capacity as Chief of Police, and the officers were following rules and regulations promulgated and regulated by defendant Ramsey. Paragraph 35 pleads a failure of the supervisory defendants to train, supervise, control, direct and monitor the police officers properly in executing their duties and responsibilities during a chase. While defendant Ramsey's name is not specifically mentioned in Paragraph 35, that omission is purely inadvertent.

3. Because of the supervisory failures of defendant Ramsey, the line MPD officers joined officers from other law enforcement agencies in a reckless high speed chase. *See Complaint,* ¶¶*17-18*. As a direct and proximate cause of the high speed chase Plaintiff, Robert Lee's daughter died in the car crash, and Plaintiff, Alyce Summers, sustained injuries. *Id., at* ¶¶*19-21*.

4. With plaintiffs having sufficiently pleaded claims against defendant Ramsey, his motion should be denied. Alternatively, plaintiffs request leave of Court to amend the complaint to plead more particularly defendant Ramsey's supervisory involvement that proximately caused the injuries in this case.[1]

WHEREFORE, Plaintiffs pray that defendant Ramsey's motion to dismiss be denied or, alternatively, that they be permitted leave to amend.

---

[1] Plaintiffs plan to seek leave of Court to amend the complaint to add claims under the Federal Tort Claims Act, having now completed the administrative prerequisite.

-3-

                    Respectfully submitted,

                    ***HENRY & MADDOX, LLC***

By:   /s/ Jeanett P. Henry
       Jeanett P. Henry, #411052
       8701 Georgia Avenue; Suite 403
       Silver Spring, MD 20910
       (301) 562-1340
       (301) 562-1344 (facsimile)
       **Attorneys for Plaintiffs**

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that on this 9th day of July, 2007 copies of this opposition to motion to dismiss was served on all counsel of record by ECF.

                    /s/ Jeanett P. Henry