UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ROBERT T. LEE**, *et al.*,                ) | |
| ) | |
| Plaintiffs,                ) | C.A. No. 06-2184 (JDB) |
| ) | |
| v.                ) | |
| ) | |
| **CHIEF PHILIP MORSE**, *et al.*,                ) | |
| ) | |
| Defendants.                ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT
CHARLES RAMSEY'S MOTION TO DISMISS**

Plaintiffs' Memorandum in Opposition to Chief Ramsey's Motion to Dismiss fails to show that Plaintiffs have made allegations against Chief Ramsey sufficient to survive a motion to dismiss. In fact, Plaintiffs' Opposition ignores well-settled law that a supervisor may not be held vicariously liable for constitutional torts. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Plaintiffs claim that it is sufficient that they alleged that Chief Ramsey was the Chief of the Metropolitan Police Department, that he was responsible for the day-to-day operations of the Department, and that the individual officers were acting under the control of and pursuant to the policies of the District of Columbia. Opp. at 1-2. Essentially, Plaintiffs seek to hold Chief Ramsey liable under a theory of inaction, rather than for affirmative misconduct. Our Circuit has held, however, that "[w]here responsibility is predicated on inattentiveness rather than affirmative misconduct, the plaintiff must establish a high degree of fault in order to implicate the supervisor in the

constitutional infractions of his subordinates." *Haynesworth v. Miller*, 820 F.2d 1245, 1261 (D.C. Cir. 1987).

"A supervisor who merely fails to detect and prevent a subordinate's misconduct . . . cannot be liable for that misconduct." *International Action Center v. Atcheson*, 365 F.3d 20, 28 (D.C. Cir. 2004). Rather, "'[t]he supervisor[] must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'" *Id.*, quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Plaintiffs have not alleged any such action on the part of Chief Ramsey. Thus, Chief Ramsey must be dismissed and the proper party is the District of Columbia. *See Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

Plaintiffs further request that the Court provide them the opportunity to amend their Complaint to attempt to make legally sufficient allegations against Chief Ramsey. Chief Ramsey respectfully submits that such an opportunity to amend would be futile as Plaintiffs cannot allege, on the overall general facts that form the basis of their Complaint, the requisite "high degree of fault" needed to establish liability on the part of Chief Ramsey. *See Haynesworth,* 820 F.2d at 1261; *see also Gaubert v. Federal Home Loan Bank Bd.*, 863 F.2d 59, 69 (D.C. Cir. 1988) (leave to amend need not be granted when it would be futile to do so). Moreover, leave to amend would also be futile as all the evidence gathered by the District and produced to counsel for Plaintiffs conclusively demonstrates that the District's police officers were not involved in any pursuit, and as the District intends to file a dispositive motion if Plaintiffs do not voluntarily dismiss the

District Defendants. Thus, Defendant Ramsey respectfully requests that he be dismissed from this case and that Plaintiffs' request for leave to amend be denied.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        \_\_\_/s/ Nicole L. Lynch_____
        NICOLE L. LYNCH (471953)
        Chief, Section II

        \_\_\_/s/ Shana L. Frost_____
        SHANA L. FROST (458021)
        Assistant Attorney General
        441 4th Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax: (202) 727-3625
        shana.frost@dc.gov