## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT T. LEE, Individually and as Personal Representative of the Estate of Jewell West<br>546 Wilson Bridge Drive<br>Oxon Hill, MD 20745 | : <br><br>:<br><br><br>: | |
| and | : | |
| ALYCE SUMMERS<br>2820 Buena Vista Terrace, SE<br>Washington, D.C. 20020 | :<br><br>: | |
|     Plaintiffs, | : | |
| v. | : | Civil No. _____ |
| UNITED STATES OF AMERICA | : | |
| Serve: Jeffrey A. Taylor, Esquire<br>      United States Attorney for DC<br>      555 4th Street, NW<br>      Washington, D.C. 20530<br><br>      Attorney General of the United States<br>      U. S. Department of Justice<br>      950 Pennsylvania Avenue, NW<br>      Washington, D.C. 20530 | :<br><br>:<br><br>:<br><br><br>:<br><br>: | |
| and | : | |
| Officer Luis Arellano, Individually<br>c/o U.S. Capitol Police<br>19 D Street, NE<br>Washington, D.C. 20510 | :<br><br>:<br><br>: | |
| and | : | |
| JOHN DOES, Individually<br>c/o U.S. Capitol Police<br>19 D Street, NE<br>Washington, D.C. 20510 | :<br><br>: | |
|     Defendants. | : | |

-2-

## AMENDED COMPLAINT

COME NOW Plaintiffs, through counsel, and for their amended complaint against defendants state as follows:

### Introduction

1. This is a civil action brought pursuant to the Federal Tort Claims Act and the 5th Amendments to the United States Constitution seeking damages against the defendants for committing acts which deprived plaintiffs of rights secured under the Constitution, laws of the United States, and the District of Columbia. This action seeks both compensatory and punitive damages against the defendants.

### Jurisdiction

2. Jurisdiction is invoked pursuant to 28 U.S.C. 1331 and 1343, as well as the supplemental jurisdiction of this Court.

3. Pursuant to the Federal Tort Claims Act, Plaintiffs filed their claims with the U.S. Capitol Police on December 22, 2006. On May 7, 2007 the United States Capitol Police issued its decision denying Plaintiffs' claims, and this amended complaint is being filed within six months thereof.

### Parties

4. Plaintiff, Robert T. Lee ("**Lee**") is and was, at all times relevant herein, a resident of Maryland. He is the personal representative of the estate of his deceased daughter, Jewell West.

5. Plaintiff, Alyce Summers ("Summers") is and was, at all times relevant herein, a resident of the District of Columbia.

-3-

6. Defendant, United States of America ("United States"), operates several agencies including the United States Capitol Police, which operates under and administers a set of law enforcement policies, practices and customs involving the training and supervision of its police officers. These policies, practices and customs include training in the apprehension of suspects vis a vis automobile chases. As the employer of the officers involved in the subject incident, the United States is also liable under the doctrine of *respondeat superior*.

7. Defendant, Luis Arellano ("Arellano"), was, at all times relevant herein, a member of the U.S. Capitol Police and was acting within the scope of his employment at the time of the incident complained of herein. He is being sued in his individual capacity.

8. Defendant, John Does were, at all times relevant herein, members of the U.S. Capitol Police and were acting within the scope of their employment at the time of the incident complained of herein. They are being sued in their individual capacities.

**Statement of Facts**

9. On or about December 24, 2005 Jewel West and Alyce Summers accepted a ride from a gentleman in Northwest, Washington, D.C.

10. Unbeknownst to Ms. Summers and Ms. West, the driver had stolen the car during an armed carjacking approximately thirty (30) minutes earlier in Hyattsville, Prince George's County. The car was a 2003, 2-door Z4 BMW, bearing DC tag number BY1037 and VIN 4USBT33413LS44253.

11. Upon information and belief, as the BMW traveled with Summers and West in the area of Washington Avenue, SW, Washington, D.C., a residential area, at approximately 1:15 a.m.

-4-

Arellano initiated a stop of the vehicle for an alleged traffic violation. The driver of the BMW did not stop so Arellano pursued.

12. As the driver of the BMW increased his speed, Arellano did likewise, leading to a high speed chase in excess of 80 miles per hour, well beyond the posted speed limit of approximately 25 miles per hour.

13. Arellano continued the high speed chase of the BMW despite seeing that the BMW had two passengers, besides the driver, and despite his knowledge of departmental orders proscribing high speed chases under these circumstances for traffic stops.

14. Defendants, John Does, joined in the high speed chase of the BMW despite knowledge that the BMW had two passengers, besides the driver, and despite their knowledge of departmental orders proscribing high speed chases under these circumstances for traffic stops.

15. Upon information and belief, Defendants Arellano and/or John Does did not receive any authorization from their supervisors to conduct this high speed chase in the District of Columbia.

16. Defendants Arellano and John Does' actions in this high speed chase evince an intent to harm Summers and West, or reckless or gross indifference to their safety and welfare.

17. As a direct and proximate result of defendants' high speed chase of the BMW, the driver lost control of the vehicle in the 1700 block of Pennsylvania Avenue, SE, Washington, D.C., struck the north and south curbs and a light pole.

18. As a direct and proximate result of defendants' high speed chase of the BMW and the foreseeable collision, West was ejected from the vehicle and died from her injuries.

19. As a direct and proximate result of defendants' high speed chase of the BMW and

-5-

the foreseeable collision, Summers sustained non-life-threatening injuries, was transported to Washington Hospital Center for treatment, and she remained hospitalized for several days. Her physical injuries included a fractured right foot, broken toe, concussion, cuts, bruises and trauma to various other areas of her body.

20. The aforesaid actions of all the defendant officers deprived West of her right to life and Summers of her right to safety and personal security in violation of the susbstantive due process.

21. The aforesaid actions of the defendant officers evince an abuse of executive powers so clearly unjustified by any legitimate law enforcement objective.

22. The aforesaid actions of all the defendant officers were conducted under color of law while they were acting as employees, servants and/or agents of the Capitol Hill Police and the United States.

**Count I**
(<u>Bivens</u> Claim)

23. Plaintiffs incorporate by reference paragraphs 1 through 22 as if fully set forth herein.

24. Defendants, with intent to harm and in violation of the 5th Amendment to the United States Constitution, did on or about December 24, 2005 commit or allowed to be committed, acts which deprived plaintiffs of their Constitutional rights without affording them due process of law.

25. As a direct and proximate result of the actions of defendants, West suffered loss of life, conscious pain and suffering, discomfort, distress; Summers suffered physical and emotional injuries, and will continue to suffer psychological harm, and mental anguish.

WHEREFORE, the plaintiffs demand judgment against defendants, jointly and severally, in

-6-

an amount in excess of Five Million Dollars ($5,000,000.00) compensatory damages and punitive damages in an amount in excess of Five Million Dollars ($5,000,000.00), plus attorney's fees and costs.

## Count II
(Federal Tort Claims Act)

26. Plaintiffs incorporate by reference paragraphs 1 through 25 as if fully set forth herein.

27. The actions of the defendant police officers who engaged in the high speed chase of the BMW at speeds in excess of 80 mph in a residential area where the posted speed limit is 25 mph, knowingly violated departmental policies regarding chases, and failed to obtain authorization for the chase, constituted wanton, willful and reckless disregard and/or conscious indifference for the rights and safety of Summers and West.

28. The wanton, willful and reckless disregard and/or conscious indifference for the rights and safety of Summers and West exhibited by defendants in engaging in a high-speed automobile chase in the District of Columbia constitutes, at minimum, gross negligence.

29. As a direct and proximate result of defendants' gross negligence Lee's decedent was killed from injuries she sustained and Summers sustained serious bodily and emotional injuries following the collision which defendants caused to occur.

WHEREFORE, the plaintiffs demand judgment against defendants, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000.00) compensatory damages and punitive damages in an amount in excess of Five Million Dollars ($5,000,000.00), plus reasonable attorney's fees and costs.

-7-

### Count III
(Survival Act)

30. Plaintiffs incorporate by reference paragraphs 1 through 29 as if fully set forth herein.

31. Pursuant to D.C. Code §12-201, Jewell West's right of action for wrongful, reckless and/or grossly negligent conduct against defendants survive in favor of Lee, her legal representative. Plaintiff Lee demands all damages recoverable under the Act, including substantial damages for funeral and medical expenses, conscious pain and suffering, as well as any other damages recoverable under the Act.

WHEREFORE, Plaintiff Lee demands judgment against defendants, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000.00) compensatory damages and punitive damages in an amount in excess of Five Million Dollars ($5,000,000.00), plus reasonable attorney's fees and costs.

### Count IV
(Wrongful Death)

32. Plaintiffs incorporate by reference paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff Lee's claims are also actionable under the wrongful death statutes of the District of Columbia.

34. As a direct and proximate result of the intentional, reckless, or grossly negligent acts of defendants, Plaintiff Lee suffered the loss and companionship of his daughter, mental anguish, and other damages recoverable under the wrongful death statute.

WHEREFORE, Plaintiff Lee demands judgment against defendants, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000.00) compensatory damages and punitive

-8-

damages in an amount in excess of Five Million Dollars ($5,000,000.00), plus reasonable attorney's fees and costs.

### Count V
(Gross Negligence)

35. Plaintiffs incorporate by reference paragraphs 1 through 34 as if fully set forth herein.

36. The actions of the officers who engaged in the high speed chase of the BMW at speeds in excess of 80 mph in a residential area where the posted speed limit is 25 mph, knowingly violated departmental policies regarding chases, and failed to obtain authorization for the chase, constituted wanton, willful and reckless disregard and/or conscious indifference for the rights and safety of Summers and West.

37. The wanton, willful and reckless disregard and/or conscious indifference for the rights and safety of Summers and West exhibited by defendants in engaging in a high-speed automobile chase in the District of Columbia constitutes gross negligence.

38. As a direct and proximate result of defendants' gross negligence Lee's decedent was killed from injuries she sustained and Summers sustained serious bodily and emotional injuries following the collision which defendants caused to occur.

WHEREFORE, the plaintiffs demand judgment against defendants, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000.00) compensatory damages and punitive damages in an amount in excess of Five Million Dollars ($5,000,000.00), plus reasonable attorney's fees and costs.

-9-

### Count VI
(Assault & Battery)

39. Plaintiff incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40. On or about December 24, 2005 defendant police officers, intentionally and without any legal justification, engaged in a high-speed chase of the vehicle in which West and Summers were riding.

41. As a direct and proximate result of defendants' wilful, malicious and intentional actions, West suffered fatal injuries and Summers suffered serious physical injuries, pain and discomfort; and has suffered and will continue to suffer psychological harm and mental anguish as a result thereof.

WHEREFORE, the plaintiffs demand judgment against defendants, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000.00) compensatory damages and punitive damages in an amount in excess of Five Million Dollars ($5,000,000.00), plus reasonable attorney's fees and costs.

### Jury Demand

Plaintiffs demand a trial by jury on all issues so triable.

-10-

        Respectfully submitted,

        ***HENRY & MADDOX, LLC***

By:   /s/ Jeanett P. Henry
       Jeanett P. Henry, #411052
       8701 Georgia Avenue; Suite 403
       Silver Spring, MD 20910
       (301) 562-1340
       (301) 562-1344 (facsimile)

        **Attorneys for Plaintiffs**

Certificate of Service

     I hereby certify that on this 21st day of September, 2007 a copy of this Amended Complaint was served by ECF on Shana Frost, Esquire, counsel for defendants District of Columbia and Charles Ramsey.

        /s/   Jeanett P. Henry