**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Robert T. Lee, et al.,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **Case No. 1:06CV02184** |
| **United States of America, et al.,** | : | **Judge: John D. Bates** |
| **Defendants.** | : | |

_____

## <u>OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Plaintiffs, through counsel, hereby files this opposition the federal defendant's motion, stating as follows:

1.      The common law claims under the Federal Tort Claims Act ("FTCA") are viable because the United States has waived sovereign immunity for the tort claims asserted in the amended complaint.  Defendants misconstrue the applicable law for viability of tort claims under the FTCA.

2.      Officer Arellano was properly served through his authorized agent for service.  The amended complaint relates back under Rule 15 because he was identified in a "Jonh Doe" capacity, and his employer had notice of the claim prior to the expiration of the one-year statute of limitations for some of the claims in the original and amended complaints.

WHEREFORE, Plaintiffs pray that defendants' motion be denied in toto.

Respectfully submitted,
***HENRY & MADDOX, LLC***
By:    /s/ Jeanett P. Henry
Jeanett P. Henry, #411052
8701 Georgia Avenue; Suite 403
Silver Spring, MD 20910
(301) 562-1340
(301) 562-1344 (facsimile)
**Attorneys for Plaintiffs**

-2-

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th day of February, 2008 a copy of this Opposition to Federal Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, memorandum and proposed order were served on Mark Nebeker, Esquire, counsel for federal defendants, by ECF.


<u>/s/ Jeanett P. Henry</u>

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Robert T. Lee, et al.,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **Case No. 1:06CV02184** |
| **United States of America, et al.,** | : | **Judge: John D. Bates** |
| **Defendants.** | : | |

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

I.        Plaintiffs' Tort Claims Have Merit

Under the Federal Tort Claims Act ("FTCA"), the United States is liable for the torts committed by its agents "to the same extent as a private individual under like circumstances." *28 U.S.C. § 2674*. This liability is defined "in accordance with the law of the place where the act or omission occurred." *Id., § 1346(b)*. Based on this language of the FTCA, Defendants incorrectly interpret the case law to argue that plaintiffs' claim lack any "private analog," and are not among those for which the sovereign immunity of the United States has been waived. *Defs' Motion, p.9*.

To the contrary, plaintiffs' claims fall squarely within the types of claims for which the United States has waived sovereign immunity. For example, the standard of care to which the federal government was held in an action under FTCA brought by motorists injured in a collision with federal law enforcement officers who were involved in a high speed chase in the District of Columbia was the standard of due care required of all vehicles operating in the District of Columbia. Hetzel v. United States, 43 F.3d 1500 (D.D.C. 1995). This is so even though under the DC statute governmental immunity of the District is waived for claims arising from use of vehicles by

-2-

government employees only upon a showing of gross negligence, and as a result the United States

is liable for conduct (simple negligence) for which the District is immune.  Id

United States v. Olson, 546 U.S. 43 (2005) did not overrule the body of law that would make

plaintiffs' claims viable under the FTCA, as defendants suggest.  Rather, Olson reiterated that FTCA

waives federal government's sovereign immunity only where local law would make a private person

liable in tort, not where local law would make state or municipal entity liable, even where uniquely

governmental functions are at issue.  The Supreme Court explained that the provision of the FTCA

imposing liability in the same manner and to the same extent as a private individual under "like

circumstances" does not restrict a court's inquiry to the same circumstances.  As a result, the Court

reasoned that the Ninth Circuit read the FTCA too broadly when it read it to mean waiver of

sovereign immunity under circumstances where "the United States, if a state or municipal entity"

would be liable rather than where the "United States, if a private person" would be liable.  Similarly,

the high Court found that the Ninth Circuit read the FTCA too narrowly restricting it to the "same

circumstances" rather than "like circumstances" as the statute provides, which necessarily requires

the court to look "further afield" for analogs.  Olson, citing Indian Towing Co. v. U.S., 350 U.S.61,

64, 76 S.Ct. 122 (1955).  The Olson Court also noted that it previously rejected in Indian Towing

the government's contention that there was no liability for negligent performance of uniquely

governmental functions. Cf. Indian Towing, 350 U.S. 61 (court considered claim that the Coast

Guard, responsible for operating a lighthouse, had failed to check the lights, battery and sun relay

system, failed to make proper examination of outside connections, failed to checks lights, etc.were

analogous to allegations of negligence by a private person); United States v. Muniz, 374 U.S. 150,

-3-

164, 83 S.Ct. 1850, 1859, 10 L.Ed.2d 805 (1963) ("it [is] improper to limit suits by federal prisoners [under the FTCA] because of restrictive state rules of immunity."); <u>Montes v. United States of America</u>, 37 F.3d 1347, 1351-52 (9th Cir. 1994) (state immunity from liability for negligence in law enforcement pursuit inapplicable to United States in FTCA suit by victims of automobile collision with a car fleeing from the United States Border Patrol); <u>Wright v. United States</u>, 719 F.2d 1032, 1035 (9th Cir. 1983) (state law immunizing public employees from liability for malicious prosecution inapplicable to federal employees under FTCA because state immunity does not determine the scope of the United States' liability under the FTCA).

Plaintiffs' claims herein have a private analog in private persons operating their vehicles in the District of Columbia, and the requirement that they obey traffic laws, including regulations against speeding. Thus, Plaintiffs' claims are not subject to dismissal.

Plaintiffs have alleged sufficient facts in the amended complaint to survive dismissal under Rule 12(b)(6). Federal Rules of Civil Procedure 8 (a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Review of a complaint under Rule 12(b)(6) is limited to the four corners of the complaint. The amended complaint alleges sufficient facts about defendants' wrongful conduct in conducting a high speed chase in a residential neighborhood that led to the death of Jewell West and physical injuries to Alyce Summers. Accordingly, dismissal under 12(b)(6) is not warranted.

Summary judgment is also inappropriate. The radio dispatch confirms that Officer Arellano was attempting to stop the BMW for speeding, and so Officer Arellano was himself speeding to

-4-

catch up with the BMW, causing it to further accelerate. Radio Transcript, p.1. At this point, engaging in a high speed chase of a car for a traffic violation constitutes improper conduct. Soon thereafter, Arellano heard the radio transmission and confirmed that the BMW was involved in the armed carjacking earlier that night in Prince George's County. However, by that time the BMW was already speeding toward the fatal collision on the Sousa Bridge. Even though Arellano claims he temporarily lost sight of the BMW, based on where they were speeding he knew the BMW was headed toward the Sousa Bridge, and so Arellano followed the BMW to the site of the crash on the bridge. Arellano was the first police officer to arrive on the scene. The fact that the BMW did not stop when Arellano tried to stop it for speeding would cause any reasonable officer to conclude that to chase the BMW at such high rates of speed in a residential area, with passengers in the vehicle, on the weekend morning before Christmas would put innocent persons in danger of serious injury or death. That is precisely what occurred: Jewell West lost her life, Alyce Summers sustained injuries, and the BMW struck another vehicle which was stopped and awaiting the green light. Exh. 2.

Defendants' reliance on cases alleging constitutional violations is misplaced for this court's consideration of the tort claims alleged in plaintiffs' amended complaint. As the preceding case law confirms, the United States can be held liable for tort actions, including negligence, under the FTCA. Therefore, summary judgment is unavailing.

II.     Officer Arellano Was Properly Served and the Claims Against Him Were Timely

This Court has personal jurisdiction over Officer Arellano because he was personally served with process through his authorized agent, Cecilia Barrios. As private process server Charles

-5-

Johnson attests, he delivered the service documents to Ms. Barrios because she advised him, after apparently checking with Arellano, that she was authorized to accept service for Arellano. Exh.1. Absent this expression of authority, Mr. Johnson would have been required to continue his efforts at service. It should be noted that Ms. Barrios never returned the service documents to undersigned counsel or otherwise denied her authority to accept service until the filing of defendants' motion. Having authorized Ms. Barrios to accept service on his behalf, Arellano should not now be allowed to disavow such authority. To the extent the Court views this as improper service, then Plaintiffs should be afforded an opportunity to perfect service given that they acted in good faith.

Similarly, the claims against Arellano are timely and should not be dismissed. The initial complaint was filed on December 22, 2006, within one year of the incident, identifying Arellano in a John Doe capacity. By amending the complaint in 2007 to, among other things, substitute Officer Arellano for one of the John Does, after his identity became known, the claims relate back, and thus there is no timeliness issue. *See e.g.* Fludd v. U.S. Secret Service, 102 F.R.D. 803 (DDC 1984) (first amended complaint which substituted names of agents for John Does I-IV related back to date of original complaint). Moreover, under the FTCA on December 22, 2006 plaintiffs also filed their administrative claims with the United States Capitol Police, defendant's employer. Between December 22, 2006 and May 7, 2007 when the Capitol Police issued its decision denying the claims, presumably some internal investigation was done. Surely during that time Arellano had notice of the tort claims against him, especially since he was the only officer that chased the red BMW. Under these circumstances, Arellano had notice and could not be prejudiced. Since the amended complaint relates back to the initial complaint filed on December 22, 2006, the claims are timely and should

-6-

not be dismissed.

FOR THE FOREGOING REASONS, Plaintiffs respectfully pray that the motion to dismiss be DENIED.

Respectfully submitted,

**_HENRY & MADDOX, LLC_**

By:   /s/ Jeanett P. Henry
      Jeanett P. Henry, #411052
      8701 Georgia Avenue; Suite 403
      Silver Spring, MD 20910
      (301) 562-1340
      (301) 562-1344 (facsimile)
      **Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Robert T. Lee, et al.,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **Case No. 1:06CV02184** |
| **United States of America, et al.,** | : | **Judge: John D. Bates** |
| **Defendants.** | : | |

_____

<u>**PLAINTIFFS' STATEMENT OF MATERIAL DISPUTED FACTS**</u>

Plaintiffs submit the following statement of material disputed facts in support of their opposition to defendants' motion for summary judgment:

1.      The initial complaint, filed on December 22, 2006, named Officer Arellano in a John Doe capacity, as an officer of the United States Capitol Police who engaged the red BMW in a high speed chase for a traffic violation in the District of Columbia, leading to plaintiffs' injuries *.See* Complaint, ¶7, 17, and 18.

2.      The BMW was speeding when Officer Arellano first saw it, and so he attempted to stop the BMW for a traffic violation–speeding.  Radio Transcript, p.1.

3.      Officer Arellano never stopped chasing the BMW at a high rate of speed, but continued to follow the car to the Sousa Bridge, where the car crashed.  <u>Id</u>.

4.      At the Sousa Bridge, the BMW also collided with another vehicle that was stopped in the area and awaiting the green light.  Exh. 2 - MPD Traffic Accident Report.

5.      Cecelia E. Barrios told private process server, Charles Johnson, that she was authorized to accept service on behalf of Defendant Luis Arellano.  Exh. 1 - Affidavit of Charles Johnson.

-2-

Respectfully submitted,

***HENRY & MADDOX, LLC***

By:   /s/ Jeanett P. Henry
      Jeanett P. Henry, #411052
      8701 Georgia Avenue; Suite 403
      Silver Spring, MD 20910
      (301) 562-1340
      (301) 562-1344 (facsimile)
      **Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Robert T. Lee, et al.,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **Case No. 1:06CV02184** |
| **United States of America, et al.,** | : | **Judge: John D. Bates** |
| **Defendants.** | : | |

**ORDER**

Upon consideration of federal defendants' Motion to Dismiss or, in the Alternative for Summary Judgment, Plaintiffs' opposition thereto, and the record of the case, it is by the United States District Court for the District of Columbia this _____ day of _____, 2008,

**ORDERED**, that the motion be and is hereby **DENIED**.

_____
John D. Bates
United States District Judge

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Robert T. Lee, et al.,                                 :

      Plaintiffs,                                 :

v.                                                            :

                                         Case No. 1:06CV02184

United States of America, et al.,                  :

                                         Judge: John D. Bates

      Defendants.                                 :

## AFFIDAVIT

I, Charles Johnson, make this Affidavit stating as follows:

1.     I am a competent person at least eighteen (18) years of age and not a party to the above suit.

2.     My business address is 1927 - 2nd Street, NW, Washington, D.C. 20001.

3.     My residence address is 1927 - 2nd Street, NW, Washington, D.C. 20001.

4.     On or about October 8, 2007 Attorney Jeanett Henry retained me to make personal service of the amended complaint and summons on Officer Luis Arellano of the United States Capitol Police. I made approximately eight unsuccessful attempts to serve Officer Arellano at his place of business, 19 D Street, NE, Washington, D.C. 20510. Each time I was told that Officer Arellano could not be located.

5.     Next I tried speaking with the liaison office of the Capitol Police to seek assistance on locating and serving Officer Arellano. When that effort was unsuccessful, I contacted the Office of General Counsel and spoke with Cecelia Barrios. Initially Ms. Barrios stated that she did not know if she could accept personal service for Officer Arellano. I clarified for Ms. Barrios that the suit was against the officer arising out of his conduct as an officer.

-2-

6.     A day or two later, Ms. Barrios telephoned me to say that she was authorized to accept service on behalf of Officer Arellano.  On October 22, 2007 at 12:02 p.m. I delivered the service documents to Ms. Barrios.

7.     If Ms. Barrios did not tell me that she was authorized to accept service for Officer Arellano, I would have continued my efforts to locate him through his residential address.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Affidavit of Service is true and correct.

Charles Johnson
1927 - 2nd Street, NW
Washington, D.C. 20001
(202) 320-9574

# TRAFFIC ACCIDENT REPORT

Metropolitan Police Department, Washington, D.C.

PD 10 Rev. 7/86   Prescribing Directive G.O 40l.3

**1. DATE OF ACCIDENT:** 12-24-05
**2. TIME (MILITARY):** 0120 hours
**3. DAY OF WEEK:** Sat
**4. DATE OF THIS REPORT:** 12-24-05

**7. ACCIDENT OCCURRED ON (STREET):** 1700 Block Pennsylvania Avenue S.E. (Eastbound)

**4a. DISTRICT:** 1D
**G.P.R:** 107
**CA NUMBER:** 05/173-180

Metropolitan Police Department, Washington, D.C.

---

## 1. (Driver / Pedestrian / Fixed Object)

☑ Driver ☐ Pedestrian ☐ Fixed Object

**NAME (LAST, FIRST, MIDDLE):** Patrick, Matthew Devon
**ADDRESS (STREET, ROOM, APT, NO, CITY AND STATE):** 1711 Benning Road N.E. Apt#34   WDC 20002
**HOME PHONE:** None
**MAKE:** Z4 BMW
**YEAR:** 2003 2D
**BODY:** Mar   COLOR: BY1037 DC 06
**PERMIT NO/STATE/TAG R.D NO:** 3341ST S44253
**BIRTHDATE:** 01-11-82

## 2. OWNER

☑ Driver ☐ Pedestrian ☐ Fixed Object

Robinson, Errol Hugh
1328 Van Buren Street N.W. WDC 20012

## OWNER

D.C. Government
441 4th Street N.W. WDC 20002
**PHONE NO.:** 2/727-6161

---

## STRIKING OBJECT

☑ Driver ☐ Pedestrian ☐ Fixed Object

Inground Metal Conduit Box
N/A   N/A   N/A

## 3. OWNER

N/A

## 4. (Driver / Pedestrian / Fixed Object)

☑ Driver ☐ Pedestrian ☐ Fixed Object

Hood-Bey, Claude C.
4203 Russell Avenue Apt#4 Mt Rainier MD 20702
**MAKE:** Ram Dodg
**YEAR:** 2005 Tk
**COLOR:** Sil   H 310-119-107-047  MD
**PERMIT NO/STATE:** 5R087 MD 06   18N65S214742
**BIRTHDATE:** 01-17-56

## OWNER

D.C. Government
441 4th Street N.W. WDC 20001
**PHONE NO.:** 2/727-6161

Metal Streetlight Pole

---

## PERSONS INVOLVED

**Driver #1:** West, Jewell   1203 C Street N.E. Apt#2
**Driver #2:** Sumners, Alyce   2820 Buena Vista Terrace S.E.

## Non-Involved Witness

See
PD 854

| | AGE | SEX | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 22 | M | 01 | 01 | 01 | 01 | 01 | 01 | ☐ YES ☐ NO | |
| | 18 | F | 01 | 01 | 02 | 02 | 04 | ☐ YES ☐ NO | |
| | 17 | M | 02 | 01 | 03 | 02 | 03 | ☐ YES ☐ NO | |
| | 49 | M | 02 | 01 | 04 | 03 | 01 | ☐ YES ☐ NO | |

**SEAT LOCATION CODE**
07 STATION WAGON REAR
00 OCCUPANT (N./FED PASS.)
01 DRIVER
02 FRONT RIGHT
03 FRONT MIDDLE
04 REAR LEFT
05 REAR RIGHT
06 REAR MIDDLE
08 PEDESTRIAN
09 BICYCLE
10 MOTORCYCLE
11 OTHERS (SKATEBOARD, TRICYCLE, ETC.)

**INJURY CODE**
00 UNKNOWN
01 NOT INJURED
02 DISABLING
03 NON-DISABLING
04 COMPLAINT OF
05 COMPLAINT OF
06 VISIBLE INJURY

**SEAT BELT/AIR BAG CODE**
00 USE UNKNOWN
01 NOT EQUIPPED
02 NOT USED
03 SHOULDER/LAP
04 SHOULDER ONLY
05 LAP ONLY
06 CHILD RESTRAINT

**EJECTION CODE**
00 NOT EJECTED
01 EJECTED FROM VEH.

| 48. Name of Injured Person | Where Taken (Hospital) | By Whom | Status | TEB Notified (Name) | Teletype Notified (Name) | Relative Notified (Name) |
|---|---|---|---|---|---|---|
| INJURED TO HOSPITAL | | | | | | |
| Patrick, Matthew Devon | D.C.M.E. | D.C.M.E. | ☐ Admitted ☑ Released | S.O.C.C. | S.O.C.C. | |
| West, Jewell | D.C.M.E. | D.C.M.E. | ☐ Admitted ☑ Released | S.O.C.C. | S.O.C.C. | West, Judy |
| Summers, Alyce | Howard Hospital | Medic | ☐ Admitted ☑ Released | S.O.C.C. | S.O.C.C. | |

**VEHICLE NO. 1**

44. DIRECTION OF TRAVEL AND STREET (MUST BE SAME AS IN NARRATIVE/DIAGRAM)

E/B Penn Ave. S.E.

44a. VEHICLE WAS: 01 ☐ LEFT ON SCENE 02 ☐ TOWED BY 03 ☐ DRIVEN AWAY BY

NAME: M.P.D. Crate 3

44f. LOCATION TOWED TO
Mobile Crime

45. CIRCLE ALL NUMBERS WHERE THERE IS DAMAGE
1 2 3 4 5 6
12 · · 7
11 10 9 8

46. END MARKS
AFTER IMPACT  O

TO IMPACT  O

13 Hood
14 Roof
15 Trunk
16 Undercarriage
17 Overturned
18 Other (Explain in Narrative)

**VEHICLE NO. 2**

44. DIRECTION OF TRAVEL AND STREET (MUST BE SAME AS IN NARRATIVE/DIAGRAM)

Stopped on ramp

44a. VEHICLE WAS: 01 ☐ LEFT ON SCENE 02 ☑ TOWED BY 03 ☐ DRIVEN AWAY BY

NAME: Able towing

44f. LOCATION TOWED TO

45. CIRCLE ALL NUMBERS WHERE THERE IS DAMAGE
1 2 3 4 5 6
12 · · 7
11 10 9 8

46. END MARKS
AFTER IMPACT  O

TO IMPACT  O

13 Hood
14 Roof
15 Trunk
16 Undercarriage
17 Overturned
18 Other (Explain in Narrative)

**VEHICLE NO. 3**

44. DIRECTION OF TRAVEL AND STREET (MUST BE SAME AS IN NARRATIVE/DIAGRAM)

44a. VEHICLE WAS: 01 ☐ LEFT ON SCENE 02 ☐ TOWED BY 03 ☐ DRIVEN AWAY BY

NAME:

44f. LOCATION TOWED TO

45. CIRCLE ALL NUMBERS WHERE THERE IS DAMAGE
1 2 3 4 5 6
12 · · 7
11 10 9 8

46. END MARKS
AFTER IMPACT

TO IMPACT

13 Hood
14 Roof
15 Trunk
16 Undercarriage
17 Overturned
18 Other (Explain in Narrative)

**VEHICLE NO. 4**

44. DIRECTION OF TRAVEL AND STREET (MUST BE SAME AS IN NARRATIVE/DIAGRAM)

44a. VEHICLE WAS: 01 ☐ LEFT ON SCENE 02 ☐ TOWED BY 03 ☐ DRIVEN AWAY BY

NAME:

44f. LOCATION TOWED TO

NOTE: This report is used for statistical analysis of vehicular accidents and the prevention thereof. The data given represents the opinion and conclusions of the reporting officer based on his/her judgement after considering all of the facts disclosed through his/her investigation of this accident.

46. DIAGRAM

SPEED LIMIT 25 MPH

1700 BLK PENNSYLVANIA AVE

METAL CONDUIT BOX (OBJECT #2)

METAL STREET LIGHT (OBJECT #3)

RAMP FROM SE S/W FREEWAY

NORTH ▶

PEDESTRIAN  O

BIKE/MOTORCYCLE  O—O

Complaint No. 05/173-180

05-0047

Page 3 of 4 Pages

Darken the appropriate block in each category.

NARRATIVE: Give a concise statement, in your own words, of the facts that are not covered in this report, or to clarify any items that are not satisfactorily explained. Use Continuation Sheet if report for additional space. If statements are taken, say so, and (if accident occurred in a construction zone, describe type of construction).

On Saturday, December 24, 2005 at approximately 0120 hours, vehicle#1 was traveling eastbound in the 1700 block of Pennsylvania Avenue S.E. at a high rate of speed. Vehicle #1 failed to negotiate the curve and struck the north curb. The vehicle continued in an eastward direction, partially on the roadway and partially on the north sidewalk. Vehicle #1 continued into the grassy median and struck object #2, a underground metal conduit box. The collision caused the vehicle to begin to rotate as it re-entered the roadway. Vehicle #1 continued across the three eastbound lanes of Pennsylvania Avenue and mounted the southside curb; where it struck object #3, a metal streetlight pole. Vehicle #1 continued across the grass on the south side and onto the roadway which was the access ramp from the

Sheryl R. Harley

Complaint No. 05/173-180

CONTINUATION SHEET (*List item number of section continued with required information.*)

▼ Complaint No. 05/173-180

Southeast/Southwest Freeway onto eastbound Pennsylvania Avenue. Vehicle #1 struck a 2005 Dodge Ram Pick-up truck which was stopped and awaiting the greenlight. Vehicle #1 pushed the second vehicle into the concrete jersey barrier, on the far right side of the ramp. Two of the three occupants of vehicle #1 were ejected from the automobile. Vehicle #1 came to rest along side of vehicle #2, facing in the wrong direction on the ramp. Driver #1 was trapped in the vehicle, in an unconscious state suffering from injuries incompatible with life.

Investigation revealed that vehicle #1 had been stolen from Prince Georges County, Maryland in an armed carjacking, approximately 30 minutes before the collision. Minutes before the collision, an officer with the United States Capitol Police attempted to stop the vehicle in an unrelated traffic offense. It was at that time that vehicle #1 sped away and was lost by the officer.

A passenger from vehicle #1 was transported from the scene to Howard University Hospital with non-life threatening injuries. The driver and a second passenger were transported from the scene to the D.C.M.E. and were pronounced by Dr. A. Wayne Williams at 0806 hours. These deaths are MCIU DO5-48 and 05-49.