UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT T. LEE, <u>et al.</u>,            )
                                         )
          Plaintiffs,                    )
                                         )
     v.                                  )  Civil Action No. 06-2184 JDB
                                         )
UNITED STATES OF AMERICA, <u>et al.</u>, )
                                         )
          Defendants.                    )
_____)

REPLY TO PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANTS'
<u>MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

     The United States of America and U.S. Capitol Police Officer
Luis Arellano have moved pursuant to Rules 12(b)(1), (2), (4),
(5) and (6) of the Federal Rules of Civil Procedure to dismiss
the remaining Counts in this action and, alternatively sought
summary judgment in their favor, pursuant to Fed. R. Civ. P. 56.
Accompanying the motion was a certification pursuant to 28 U.S.C.
§ 2679(d), substituting the United States as the sole defendant
for all remaining claims that were asserted against Officer
Arellano, and Plaintiffs have not challenged the certification.
Thus, the questions of whether Officer Arellano was properly
served in the case and whether the action was timely filed
against Officer Arellano are moot.  Plaintiffs voluntarily
dismissed the Constitutional claims (Count I) of the Amended
Complaint on February 5, 2008, and the United States is
substituted for all common law claims.

     What remain after the certification, then, are claims
against the United States under the Federal Tort Claims Act.  As
set forth in the Memorandum Of Points And Authorities In Support
Of Federal Defendants' Motion To Dismiss Or, In The Alternative,

For Summary Judgment and as further explained herein, dismissal or summary judgment is appropriate as to those claims.

Plaintiffs have not addressed the eight specifically-enumerated facts reflected in Federal Defendants' Statement Of Material Facts As To Which There Is No Genuine Dispute. Rather, they have presented five[1] separate purported "facts" none of which are material, in that their truth or falsity would not change the outcome, given the undisputed facts set out by Federal Defendants. The remaining material facts, none of which has been contested by Plaintiffs, are as follows:

> 3) Toward the beginning of the police chase that is alleged in the Amended Complaint, Officer Arellano received a radio broadcast which was tape recorded and which is accurately transcribed in the Transcript of December 24, 2005 Radio Communications Tape ("Radio Transcript") accompanying the December 17, 2007 Declaration of Cecelia E. Barrios.
>
> 4) Toward the beginning of the police chase that is alleged in the Amended Complaint, Officer Arellano received a radio broadcast which advised him from the outset that the 2003 BMW Z4 with DC License Tags BY 1037 "was wanted in an armed carjacking" that occurred approximately 30 minutes earlier.
>
> 5) The December 24, 2005 chase of the BMW automobile described in the Amended Complaint lasted approximately two minutes.
>
> 6) As described on the tape recording of the events around 1:15 a.m. on December 24, 2005, Officer Arellano (Unit 114) had lost the 2003 BMW Z4 with DC License Tags BY 1037 while he was still on Pennsylvania

---

[1] Paragraphs 1 and 5 of "Plaintiffs' Statement Of Material Disputed Facts" are apparently attempts to address the alternative arguments made on behalf of Officer Arellano (involving the statute of limitations and ineffectual service of process). The Court need not address these defenses, because of the uncontested substitution of the United States under 28 U.S.C. § 2679(d).

Ave., but before the vehicle crashed at the Sousa
Bridge.

    7) The 2003, 2-door Z4 BMW, with DC tag number
BY1037, which is described in the Amended Complaint had
only two seats, one for a driver and one for a
passenger.

See Federal Defendants' Statement Of Material Facts As To Which

There Is No Genuine Dispute, ¶¶ 3-7.  These material facts

should, therefore, be accepted as true.[2]

    To survive summary judgment, the nonmoving party must
offer more than mere allegations, Anderson [v. Liberty
Lobby, Inc., 477 U.S. 242, 249 (1986)], by going
"beyond the pleadings and by its own affidavits, or by
the 'depositions, answers to interrogatories, and
admissions on file,' designate 'specific facts showing
that there is a genuine issue for trial.'" Celotex
Corp. v. Catrett, 477 U.S. 317, 324 (1986).
               * * *
[L]egal conclusions "cloaked" as facts are not
sufficient to create a genuine issue of material fact.
And, of course, the parties are obligated, pursuant to
Local Rule 108(h) [now Local Civ. R. 7(h) and 56.1], to
identify the material facts and point to evidence of
record that supports their respective positions.
Jackson v. Finnegan, Henderson, Farabow, Garrett, 101
F.3d 145, 150-51 (D.C. Cir. 1996).

United States v. BCCI Holdings, 977 F. Supp. 1, 6 (D.D.C. 1997),

aff'd mem., 159 F.3d 637 (D.C. Cir. 1998).  Plaintiff has not

---

    [2] Although not material, Plaintiff has mistakenly asserted
that certain of their assertions are facts supported by the
record presented by Federal Defendants.  See, e.g., Plaintiffs'
Statement Of Facts, ¶ 2 ("The BMW was speeding when Officer
Arellano first saw it, and so he attempted to stop the BMW for a
traffic violation - speeding.  radio Transcript, p.1")  In fact,
as reflected in the Police Report provided by Plaintiff, "Minutes
before the collision, an officer with the United States Capitol
Police attempted to stop the vehicle in an unrelated traffic
offense.  It was at that time that vehicle #1 [a BMW] sped away
and was lost by the officer."  See Docket No. 40-3 ("Police
Report") at 1, 4 .  Upon information and belief, the "unrelated
traffic offense" observed by the officer was that the BMW was
traveling the wrong way on a one-way portion of road.

addressed the facts identified and supported by Defendant; and they should be deemed admitted.  See Local Civ. R. 7(h); 56.1.[3]

Moreover, because there is no private analog for a claim of negligent or wrongful police pursuits, Plaintiffs have identified no waiver of sovereign immunity.  See United States v. Olson, 546 U.S. 43, 44-45 (2005); Hetzel v. United States, 43 F.3d 1500, 1503-05 (D.C. Cir. 1995) (recognizing that there is "no readily available private analog[] upon which to premise liability under the FTCA").[4]  Plaintiffs suggest that there is some negligence theory of liability that may apply under District of Columbia law that would support a tort claim against a private party based on the actions of Officer Arellano.  See Plaintiff's Opp. at 2-3. For instance, Plaintiffs submit that "the requirement that [private persons] obey traffic laws, including regulations against speeding" constitutes a private analog.  Id. at 3. Plaintiffs' attempts to analogize the facts here to a typical drive through the streets of the city are misplaced.

Moreover, even if Officer Arellano were deemed to be in "like circumstances" of every other driver in the city

_____

[3]  Plaintiffs were warned of their obligations to address the evidence presented by Federal Defendants.  See Federal Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment at 1, fn. 3 (citing Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h) and Fed. R. Civ. P. 56(e)).

[4]  Plaintiffs rely on the Hetzel case to support their FTCA claim, see Plaintiffs' Mem. at 1-2, but they have failed to recognize that which was reflected in Federal Defendants' Mem., that the Supreme Court specifically overruled the authorities relied upon in Hetzel.  See United States v. Olson, 546 U.S. 43, 44-45 (2005) (overruling Doggett v. United States, 875 F.2d 684, 689 (1988), which was relied on in Hetzel).

notwithstanding that he was attempting to make an arrest for an

armed car-jacking, Plaintiffs cannot establish proximate cause.

> [I]t is essential to keep in mind that liability
> is not imposed upon proof of negligence in the abstract
> but only upon proof that the negligence charged was a
> proximate cause of the injury.  In other words, the
> plaintiff must prove that the allegedly negligent
> conduct "played a substantial part in bringing about
> the injur[y] and the injury was either a direct result
> or a reasonably probable consequence of the [conduct]."
> Sanders v. Wright, 642 A.2d 847, 850 (D.C. 1994)
> (internal quotation, citations, and alterations
> omitted).  Thus, here the primary focus must be not
> upon the conduct of the MPD officers in all its
> aspects, but only upon that particular conduct that
> might be said to have proximately caused the collision.
> Allegations that the officers acted in a grossly
> negligent manner in ways that did not, in the end, play
> a substantial part in bringing about the collision
> cannot form the basis for liability.

District of Columbia v. Walker, 689 A.2d 40, 46 (D.C. 1997)

(footnote omitted).  As the Walker Court further concluded,

> in deciding whether the conduct of the MPD officers
> could be found to constitute gross negligence, we
> necessarily focus in the first instance on Suitland
> Parkway, where the collision took place.  See Breck v.
> Cortez, 141 Ill.App.3d 351, 95 Ill.Dec. 615, 621, 490
> N.E.2d 88, 94 (1986) (where police pursuit covered
> approximately five miles and included various types of
> roads, court focused on area near scene of collision in
> deciding whether police conduct constituted willful and
> wanton negligence).  Even assuming solely for the
> purpose of argument but not deciding that the officers
> were grossly negligent at an earlier point in the
> pursuit due to the conditions on Sixth Street or
> Alabama Avenue, such gross negligence did not in itself
> cause any injury.

District of Columbia v. Walker, 689 A.2d at 46 (footnote

converted to text).  It is undisputed here that the BMW was never

struck by Officer Arellano's police cruiser, no matter what speed

the cruiser was traveling; rather the BMW struck a metal conduit

box, a streetlight pole, and a 2005 Dodge Ram Pick-up truck which

was stopped.  <u>See</u> Police Report at 1-4.  And, by the time of the
accident at the Sousa Bridge, Officer Arellano was still on
Pennsylvania Avenue, having lost the BMW.  <u>See</u> Federal
Defendants' Statement Of Material Facts As To Which There Is No
Genuine Dispute, ¶ 6.  Plaintiffs proffer not a single case where
a private individual was found to have been the proximate cause
of an accident under like circumstances, such as where a speeding
driver was behind another car, never struck the second car, and
was not even around when the second car crashed.[5]

---

[5]   Plaintiffs also rely on the Supreme Court's pronouncement
in <u>Indian Towing Co.</u> v. <u>United States</u>, 350 U.S. 61 (1955),
suggesting that the police stop here is akin to the inspection of
a lighthouse by the Coast Guard in <u>Indian Towing</u>.  However, a
private party is not able to exceed the speed limit in order to
perform a traffic stop of a felon; and, even though a private
party could follow someone in violation of the speed limit, the
subsequent crash of the individual being followed could not be
said to be proximately caused by the follower, especially where
the follower has lost the fleeing felon.  <u>See</u> <u>District of</u>
<u>Columbia</u> v. <u>Walker</u>, 689 A.2d at 46.

For these reasons, and those previously presented by Federal Defendants, this action should be dismissed or, alternatively, summary judgment should be entered against Plaintiffs.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

                                    /s/
_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply To Plaintiff's Opposition To Federal Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment has been made through the Court's electronic transmission facilities on this 13th day of March, 2008.

/s/

W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230