```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

ROBERT T. LEE, et al.,          )
                                )
        Plaintiffs,             )
                                )
    v.                          ) Civil Action No. 06-2184 JDB
                                )
UNITED STATES OF AMERICA,       )
                                )
        Defendant.              )
_____)
```

## ANSWER

Defendant, the United States of America, by and through its undersigned counsel, hereby answers the Amended Complaint in this case.

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Defendant did not breach any duty of care owed to plaintiffs. Rather, defendant, and its agents, servants, and employees deny committing any negligent or wrongful act or omission and aver that they had a license and privilege to engage in the conduct about which plaintiffs complain.

### Third Defense

Any injuries sustained by plaintiffs were not proximately caused by a breach of duty of care by defendant and were, instead, the result of an independent intervening cause.

<u>Fourth Defense</u>
(Contributory Negligence)

The negligence of Alyce Summers and Jewell West was a substantial factor in causing any injury to them as a result of the events that form the basis of the claims in this action. Thus, the claims in this action are barred by the doctrine of contributory negligence.

<u>Fifth Defense</u>

Answering the specific allegations of the Amended Complaint, defendant responds as follows to the specifically numbered paragraphs of the Amended Complaint:

<u>Introduction</u>[1]

1. This paragraph constitutes plaintiffs' characterizations of their claims rather that assertions of fact, thus no response is required. To the extent that a response may be deemed required, defendant admits that plaintiffs initially alleged that the action was brought under the Federal Tort Claims Act and the Constitution and that they sought compensatory and punitive damages, but note that they have since dismissed their constitutional claims (<u>see</u> Docket No. 36) and the Court has concluded that punitive damages and attorney fees are not available in this case. <u>See</u> Docket No. 43 at 7, n.7.

---

[1] Defendant has included in this answer those headings that were set forth in the Amended Complaint, but by so doing, defendant is not admitting the accuracy of the headings or of the allegations following those headings.

2. The allegations contained in this paragraph consist of averments of jurisdiction, legal conclusions to which no response is required. To the extent to which a response is deemed required, defendant denies the allegations of this paragraph.

3. Admitted.

### Parties

4-5. Defendant is without information sufficient to form a belief as to the truth or accuracy of the allegations contained in these paragraphs and therefore denies them.

6. Defendant admits the allegations in the first sentence of this paragraph, except to deny any implication that there exists a finite set of law enforcement policies, practices and customs involving the training and supervision of its police officers that can be readily listed. Defendant admits the allegations in the second sentence insofar as plaintiffs allege that the defendant trains its officers in certain aspects of how to apprehend suspects who elude the police in their automobiles. The third sentence is denied, except to admit that the United States was the employer of United States Capitol Police officers, one or more of whom attempted to stop the BMW automobile described in the Amended Complaint.

7. Defendant admits the first sentence of this paragraph and denies the second sentence.

8.  Defendant admits the allegations in the first sentence that plaintiffs initially asserted claims against John Doe officers alleged to have been members of the U.S. Capitol Police and to have been acting within the scope of their employment at the relevant time but is without information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them.  Defendant denies the second sentence.

## Statement Of Facts

9.  Defendant is without information sufficient to form a belief as to the truth or accuracy of the allegations contained in this paragraph and therefore denies them.

10.  Defendant admits that the referenced BMW automobile was stolen during an armed carjacking in Prince George's County, MD minutes before it was encountered by Officer Arellano but is otherwise without information sufficient to form a belief as to the truth or accuracy of the allegations contained in this paragraph and therefore denies the remaining allegations.

11.  Defendant denies the allegations in the first sentence of this paragraph, except to admit that, at approximately 1:15 a.m., the BMW traveled with Summers and West in the area of Washington Avenue, SW, Washington, DC, that Officer Arellano attempted to stop the vehicle, and that the driver of the BMW, who had committed a traffic violation in the officer's presence, did not stop.  Defendant denies any implication that a traffic

violation constituted the only basis for initiating a stop of the vehicle, avers that the officer also had learned that a BMW matching the description of the referenced vehicle had been stolen in an armed carjacking in Maryland minutes before the officer attempted to stop the car and denies that the officer initiated a stop of the vehicle in a residential area.  Defendant denies the allegations in the second sentence, except to admit that the driver of the BMW did not stop and Officer Arellano followed the BMW, verified the number on the license plate, but fell behind the fleeing BMW and lost sight of it before the BMW crashed.

    12.  Defendant denies this paragraph except to admit that the driver of the BMW increased his speed above the posted speed limit of 25 miles per hour after initially slowing down, and to admit that Officer Arellano followed the BMW, verified the license plate but fell behind the fleeing BMW and lost sight of the BMW.

    13-14.  Denied.

    15.  Defendant denies the allegations in this paragraph except to admit that Officer Arellano did not receive explicit authorization from his supervisor to engage in a high speed chase in the District of Columbia on December 24, 2005.

    16-21.  Denied.

22.  Defendant denies the allegations in this paragraph except to admit that Officer Arellano and possibly other officers who assisted after the BMW crashed were acting as employees of the United States at the time.

## Count I
### (Bivens claim)

23-25.  This Count was dismissed by Notice Of Dismissal filed February 5, 2008.

## Count II
### (Federal Tort Claims Act)

26.  Defendant hereby incorporates its responses to the paragraphs above as if fully set forth herein.

27-29.  Denied.

## Count III
### (Survival Act)

30.  Defendant hereby incorporates its responses to the paragraphs above as if fully set forth herein.

31.  Denied.

## Count IV
### (Wrongful Death)

32.  Defendant hereby incorporates its responses to the paragraphs above as if fully set forth herein.

33-34.  Denied.

## Count V
### (Gross Negligence)

35.  Defendant hereby incorporates its responses to the paragraphs above as if fully set forth herein.

36-38.   Denied.

## Count VI
(Assault & Battery)

39.   Defendant hereby incorporates its responses to the paragraphs above as if fully set forth herein.

40-41.   Denied.

The remaining allegations in the Amended Complaint consist of plaintiffs' prayer for relief and demand for a jury trial to which no response is necessary, but to the extent one may be deemed required, the allegations are denied; and defendant denies that plaintiffs are entitled to the relief requested or to any relief whatsoever.  Moreover, pursuant to 28 U.S.C. § 2675(b), plaintiffs are limited in their recovery to the amounts that they sought in their administrative claims.  The Court has previously concluded that plaintiffs are not entitled to a jury trial or to punitive damages.  See Docket No. 43 at 7 n.7.

Defendant denies any allegations in the Amended Complaint unless specifically admitted herein.

WHEREFORE, having fully answered, defendant asks the Court to enter judgment for defendant, dismissing the Amended Complaint

with prejudice and awarding defendant such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Answer has been made through the Court's Electronic Transmission facilities on this 10th day of September, 2008.

```
                                            /s/
W. MARK NEBEKER, DC Bar # 396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230
```